**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.**

| | |
|---|---|
| TYLER CARBONELLI, individually and on behalf of all others similarly situated, | **CLASS ACTION** |
| *Plaintiff*, | |
| vs. | |
| AMERICAN AUTO REPAIR COVERAGE, LLC, a Missouri Corporation, d/b/a AMERICAN AUTO REPAIR, | **JURY TRIAL DEMANDED** |
| *Defendant*. _____/ | |

## CLASS ACTION COMPLAINT

Plaintiff, Tyler Carbonelli (hereinafter "Plaintiff"), brings this class action under Rule 23 of the Federal Rules of Civil Procedure against American Auto Repair Coverage, LLC d/b/a American Auto Repair ("AARC" or "Defendant") for its violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "the TCPA"), and the regulations promulgated thereunder.  In support, Plaintiff alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant in negligently or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy.  Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

1

2. "Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the [FCC]."[1] The TCPA is designed to protect consumer privacy by, among other things, prohibiting the making of autodialed or prerecorded-voice calls to cell phone numbers and failing to institute appropriate do-not-call procedures. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. 64.1200(d).

3. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.   TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5. In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded

---

[1]   *In re Rules & Regs. Implementing the TCPA*, 30 FCC Rcd. 7961, ¶ 1 (2015).

voice." *Breslow v. Wells Fargo Bank, N.A.,* 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd,* 755 F.3d 1265 (11th Cir. 2014).

## JURISDICTION AND VENUE

6. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

7. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims in this case occurred in this District, including Defendant's transmission of the unlawful and unwanted calls to Plaintiff.

8. The Court has personal jurisdiction over Defendant because it conducts business in this state, markets its services within this state, and has availed itself to the jurisdiction of the State of Florida by placing calls to Plaintiff and Class Members in and from this state.

## PARTIES

9. Plaintiff's domicile is in Broward County, Florida. Plaintiff is a citizen of the state of Florida.

10. Defendant, American Auto Repair Coverage, LLC, is a Missouri Profit Corporation, listing David A. Friedrichs as its Registered Agent at 5988 Mid Rovers Mall Drive, Saint Charles, MO 63304.  AARC. is also registered in the state of Missouri.

11. Defendant is in the business of selling vehicle protection plan and holds itself out as "one of the most reputable vehicle protection plan providers in the nation".

12. Defendant promotes and markets its services by calling wireless phone users in violation of the TPCA.

13. Defendant, directly or through other persons, entities or agents acting on its behalf, conspired to, agreed to, contributed to, authorized, assisted with, and/or otherwise caused all of

the wrongful acts and omissions, including the dissemination of the unsolicited calls that are the subject matter of this Complaint.

## FACTUAL ALLEGATIONS

14. At all times relevant, Plaintiff was a citizen of the State of Florida, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

15. Defendant is, and at all times mentioned herein was, a corporation and "persons," as defined by 47 U.S.C. § 153 (39).

16. At all times relevant Defendant conducted business in the State of Florida and in Broward County, within this judicial district.

17. Defendant utilizes prerecorded telemarketing calls (ie: calls using an artificial or prerecorded voice) to market and advertise Defendant's business and services, including at least two (2) calls to Plaintiff, on July 9, 2020 and July 17, 2020.

18. Plaintiff knows the calls were robotic because of the distinctive nature of the sound and pauses of the recordings were always the same.

19. On July 9, 2020 around 7:20 PM, Defendant called Plaintiff's cellular telephone number ending in "9291."  Plaintiff answered and heard a pre-recorded message that sounded like a water drop, there was a delay, and then he was connected with a live agent.

20. The July 9, 2020 telephone call lasted approximately 2 minutes, which resulted in Plaintiff's phone being unavailable to place or receive other calls and depleted the phone's battery. Plaintiff also spent time investigating the source of the call.

21. On July 17, 2020, Defendant called Plaintiff's cellular telephone ending in "9291". Plaintiff answered and heard the same water drop pre-recorded message, there was a similar delay, and then, like the prior call he was connected to a live agent.

22. Plaintiff was then transferred to "Jake" at Auto Repair Coverage.

23. The Auto Repair Coverage live agent promoted the availability of a vehicle service contract for Plaintiff's vehicle.

24. Plaintiff then was transferred to a supervisor who offered him a "one-time super discount of 50% off" the purchase of a vehicle service contract offered by Defendant.

25. Plaintiff provided his credit card information to Defendant and Plaintiff subsequently received a purchase confirmation via email that identified the merchant as "AMERICAN AUTO REPAIR COVERAGE".

26. The phone call lasted approximately twenty-seven (27) minutes, which resulted in Plaintiff's phone being unavailable to place or receive other calls and depleted the phone's battery. Plaintiff also spent time investigating the source of the call.

27. Upon information and belief, Plaintiff received additional telephone calls to his cellular telephone which he believes were made by Defendant. The telemarketing calls were made to Plaintiff's 9291 Number, and within the time period that is relevant to this action.

28. At no time did Plaintiff provide Plaintiff's cellular number to Defendant through any medium, nor did Plaintiff consent to receive such unsolicited calls.

29. Plaintiff has never signed-up for, and has never used, Defendant's services, and has never had any form of business relationship with Defendant.

30. Plaintiff is the subscriber and sole user of the 9291 Number and is financially responsible for phone service to the 9291 Number, including the cellular costs and data usage incurred as a result of the unlawful calls made to Plaintiff by Defendant.

31. Additionally, Plaintiff has been registered on the National Do Not Call Registry since September 18, 2018.

32. The content of the calls made to Plaintiff and the Class Members show that they were for the purpose of marketing, advertising, and promoting Defendant's business and services to Plaintiff as part of an overall telemarketing strategy.

33. These calls were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

34. Plaintiff did not provide Defendant or its agents prior express consent to receive calls, including unsolicited calls, to his cellular telephone, pursuant to 47 U.S.C.

35. The unsolicited calls by Defendant, or its agents, violated 47 U.S.C. § 227(b)(1).

36. Defendant is and was aware that it is placing unsolicited robocalls to Plaintiff and other consumers without their prior express consent.

37. Plaintiff was damaged by Defendant's calls. In addition to using Plaintiff's residential cellular data, phone storage, and battery life, his privacy was wrongfully invaded, and Plaintiff has become understandably aggravated with having to deal with the frustration of repeated, unwanted calls, forcing him to divert attention away from his work and other activities. Not only did the receipt of the robocalls distract Plaintiff away from his personal activities, Plaintiff was forced to spend time investigating the source of the calls and who sent them to him. *See Muransky v. Godiva Chocolatier, Inc.,* 905 F.3d 1200, 1211 (11th Cir. 2018). ("[T]ime wasting is an injury in fact".… "[A] small injury… is enough for standing purposes").

## CLASS ACTION ALLEGATIONS

38. Plaintiff brings this class action under rules 23(a) and 23(b)(2) & (b)(3) of the Federal Rules of Civil Procedure on behalf of itself and of a similarly situated "Class" or "Class Members" defined as:

> **No Consent Class: All persons within the United States who, within the four years prior to the filing of this Complaint, were**

> called by Defendant or anyone on Defendant' behalf, to said person's cellular telephone number, advertising Defendant's services, without the recipients prior express consent, using the same equipment used to call Plaintiff's cellular telephone, in violation of the TCPA.
>
> **<u>Do Not Call Registry Class</u>: All persons in the United States who from four years prior to the filing of this action (1) were called by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and/or services; and (5) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.**

39. Excluded from the Class are: any Defendant, and any subsidiary or affiliate of that Defendant, and the directors, officers and employees of that Defendant or its subsidiaries or affiliates, and members of the federal judiciary.

40. This action has been brought and may properly be maintained as a class action against Defendant pursuant to Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable. Plaintiff reserves the right to amend the Class definition if discovery and further investigation reveal that any Class should be expanded or otherwise modified.

41. **Numerosity**: At this time, Plaintiff does not know the exact number of Class Members, but among other things, given the nature of the claims and that Defendant's conduct consisted of a standardized SPAM campaign calls placed to cellular telephone numbers, Plaintiff believes, at a minimum, there are greater than forty (40) Class Members. Plaintiff believes that the Class is so numerous that joinder of all members of the Class is impracticable and the disposition of their claims in a class action rather than incremental individual actions will benefit

the Parties and the Court by eliminating the possibility of inconsistent or varying adjudications of individual actions.

42. Upon information and belief, a more precise Class size and the identities of the individual members thereof are ascertainable through Defendant's records, including, but not limited to Defendant's calls and marketing records.

43. Members of the Class may additionally or alternatively be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

44. **Existence and Predominance of Common Questions of Fact and Law**: There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Class. Common questions of law and/or fact exist as to all members of the Class and predominate over the questions affecting individual Class members. These common legal and/or factual questions include, but are not limited to, the following:

   a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents called (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic dialing to any telephone number assigned to a cellular phone service;

   b. How Defendant obtained the numbers of Plaintiff and Class members;

   c. Whether Defendant called Plaintiff and Class Members using a prerecorded message or artificial voice;

   d. Whether the dialing system used to call is an Automatic Telephone Dialing System;

e. Whether Defendant engaged in telemarketing when it called which are the subject of this lawsuit;

f. Whether the calls made to Plaintiff and Class Members violate the TCPA and its regulations;

g. Whether Defendant willfully or knowingly violated the TCPA or the rules prescribed under it;

h. Whether the calls made to Plaintiff and Class Members violate the Do Not Class Registry rules and regulations;

i. Whether Plaintiff and the members of the Class are entitled to statutory damages, treble damages, and attorney fees and costs for Defendant's acts and conduct;

j. Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining Defendant from continuing to engage in its unlawful conduct; and

k. Whether Plaintiff and the Class are entitled to any other relief.

45. One or more questions or issues of law and/or fact regarding Defendant's liability are common to all Class Members and predominate over any individual issues that may exist and may serve as a basis for class certification under Rule 23(c)(4).

46. **Typicality**: Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same course of conduct that violates the TCPA.

47. Plaintiff and members of the Class each received at least one telephone call, advertising the Defendant's health savings products, which Defendant placed or caused to be placed to Plaintiff and the members of the Class.

48. **Adequacy of Representation:** Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the members of the Class. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Class and has no interests antagonistic to the members of the Class. Plaintiff has retained counsel, who are competent and experienced in litigation in the federal courts, TCPA litigation and class action litigation.

49. **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages which may be awarded to the members of the Class are likely to be substantial, the damages suffered by individual members of the Class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced against Defendant by any member of the Class. The likelihood of the individual members of the Class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

50. **Class-Wide Injunctive Relief and Rule 23(b)(2):** Moreover, as an alternative to or in addition to certification of the Class under Rule 23(b)(3), class certification is warranted

under Rule 23(b)(2) because Defendant has acted on grounds generally applicable to Plaintiff and members of Class, thereby making appropriate final injunctive relief with respect to Plaintiff and Class Members as a whole. Plaintiff seeks injunctive relief on behalf of Class Members on grounds generally applicable to the entire Class in order to enjoin and prevent Defendant Defendant's ongoing violations of the TCPA, and to order Defendant to provide notice to them of their rights under the TCPA to statutory damages and to be free from unwanted calls.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(b)

51. Plaintiff incorporates by reference all of the allegations contained in all of the above paragraphs 1 through 50 of this Complaint as though fully stated herein.

52. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system. . .to any telephone number assigned to a . . . cellular telephone service . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

53. Automatic telephone dialing system refers to "equipment which has the capacity---(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

54. Defendant – or third parties directed by Defendant – used equipment having the capacity to randomly or sequentially generate telephone numbers and to dial such numbers without human intervention to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class defined above.

55. These calls were made without regard to whether or not Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not

have prior express consent to call the cellular phones of Plaintiff and the other members of the putative Class when its calls were made.

56. Defendant has, therefore, violated Sec. 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cellular phones of Plaintiff and the other members of the putative Class without their prior express written consent.

57. Furthermore, it is a violation of the TCPA "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior consent of the called party, unless the call is initiated for emergency purposes. . . ." 47 U.S.C. 227(b)(1)(B).

58. Defendant – or third parties directed by Defendant – used an artificial or prerecorded voice to deliver messages to Plaintiff and other Class Members without prior consent.

59. These calls were made without regard to whether or not Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call any of these cellular phones.

60. Defendant has, therefore, violated Sec. 227(b)(2) of the TCPA by initiating telephone class while using an artificial or prerecorded voice to deliver non-emergency telephone calls to the cellular phones of Plaintiff and the other members of the putative Class without their prior express written consent.

61. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

62. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

63. At all relevant times, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

64. Defendant knew that it did not have prior express consent to make these calls, and knew or should have known that its conduct was a violation of the TCPA.

65. Because Defendant knew or should have known that Plaintiff and Class Members did not give prior express consent to receive autodialed calls, the Court should treble the amount of statutory damages available to Plaintiff and members of the Putative Class pursuant to section 227(b)(3)(C) of the TCPA.

66. Likewise, since Defendant knew or should have known that Plaintiff and Class Members did not give prior express consent to receive calls using artificial or prerecorded voice, the Court should treble the amount of statutory damages available to Plaintiff and members of the Putative Class pursuant to section 227(b)(3) of the TCPA.

67. As a result of Defendant knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

68. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members relief against Defendant, as set forth in the Prayer for Relief below.

**COUNT II**
**VIOLATION OF THE TCPA**
**47 U.S.C. § 227**
**On Behalf of Plaintiff and the Do Not Call Registry Class**

69. Plaintiff incorporates by reference all of the allegations contained in all of the above paragraphs 1 through 50 of this Complaint as though fully stated herein.

70. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

71. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers." [2]

72. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

73. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

---

[2]. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

74. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

75. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

76. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class relief against Defendant, individually and jointly, as set forth in the Prayer for Relief below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and in favor of the class, against Defendant for:

   a. An order certifying this case as a class action, certifying Plaintiff as representative of the Class, and designating Plaintiff's attorneys Class counsel;

   b. Statutory damages of $500 per call in violation of the TCPA;

   c. Willful damages at $1,500 per call in violation of the TCPA;

   d. Statutory damages of $500 per call in violation of the Do Not Call Registry;

    e. Willful damages of $1,500 per call in violation of the Do Not Call Registry;

    f. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii);

    g. An injunction prohibiting Defendant's from using an automatic telephone dialing system to call numbers assigned to cellular telephones without the prior express written consent of the called party;

    h. Reasonable attorney's fees and costs; and

    i. Such further and other relief as this Court deems reasonable and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Dated: August 28, 2020

Respectfully submitted,

*/s/ Seth M. Lehrman*
Seth M. Lehrman (FBN 132896)
E-mail: seth@epllc.com
EDWARDS POTTINGER LLC
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone: 954-524-2820
Facsimile: 954-524-2822

*Attorneys for Plaintiff*