## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.0:20-cv-61760-RS

TYLER CARBONELLI, individually
and on behalf of all others similarly situated,

     *Plaintiff*,

vs.

AMERICAN AUTO REPAIRCOVERAGE, LLC,
a Missouri Corporation,
*d/b/a* AMERICAN AUTO REPAIR,

     *Defendant*.

_____/

## DEFENDANT AMERICAN AUTO REPAIR COVERAGE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, American Auto Repair Coverage, LLC, ("Defendant"), by and through his undersigned counsel, hereby files this Answer and Affirmative Defenses to the Complaint of Tyler Carbonelli, ("Plaintiff") in the above styled action as numbered herein.

### ANSWER

In responding to the Complaint, and when Defendant's Answer is silent to a specific fact or allegation, Defendant denies the allegations and inferences contained therein unless specifically stated otherwise below.

### PRELIMINARY STATEMENT

1.     Plaintiff brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant in

1

negligently or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

ANSWER: The substance of this paragraph is an introductory statement, reiteration of parts of the TCPA, and inferred legal conclusions, with no allegation of fact or claim made against the Defendant and therefore no response is required, but to the extent any response would be required, all allegations or inferences of Paragraph 1 are denied.

2. "Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the [FCC]."[1] The TCPA is designed to protect consumer privacy by, among other things, prohibiting the making of autodialed or prerecorded-voice calls to cell phone numbers and failing to institute appropriate do-not-call procedures. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R.64.1200(d).

ANSWER: The substance of paragraph is an introductory statement, reiteration of parts of the TCPA, and inferred legal conclusions, with no allegation of fact or claim made against the Defendant and therefore no response is required, but to the extent any response would be required, the statute and FCC interpretations speaks for themselves and all other allegations or inferences are denied.

3. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched

to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744(2012).

      **ANSWER**: The substance of paragraph is an introductory statement, reiteration of parts of the TCPA, and inferred legal conclusion, with no allegation of fact or claim made against the Defendant and therefore no response is required, but to the extent any response would be required, the U.S. Supreme Court findings on the TCPA as decided in *Mims v. Arrow Fin. Servs., LLC* speaks for itself and all other allegations or inferences are denied.  Defendant specifically denies the allegation or inference that it made a "call" to a private home telephone number of the Plaintiff.

      4.     In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

      **ANSWER:** The substance of paragraph is an introductory statement, reiteration of parts of the Congressional finding in 1992 while enacting the TCPA with no allegation of fact or claim made against the Defendant requiring a response from Defendant, but to the extent any

response would be required, the findings of Congress stand for themselves in the context Congress made them, and all remaining allegations and inferences of Paragraph 4 are otherwise denied.

5.      In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.,* 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd,* 755 F.3d 1265 (11th Cir. 2014).

**ANSWER:** Defendant denies in part and admits in part the allegations and inferences of Paragraph 5. Plaintiff admits under 47 U.S.C. § 227(b)(1)(A)(iii) a plaintiff must show (1) that the defendant called the plaintiff's cellular telephone; (2) using an ATDS; (3) without the plaintiff's prior express consent. See, *Medley v. Dish Network, LLC,* 958 F.3d 1063, 1069 (11th Cir. 2020); See also, *Wagner v. CLC Resorts & Devs., Inc.*, 32 F. Supp. 3d 1193, 1195-1196 (M.D. Fla. 2014) (citing, *In re Joint Petition filed by Dish Network LLC*, 28 FCC Rcd. 6574, 6582 (2013).)  Defendant admits that at all times relevant it held limited consent to contact the Plaintiff at the alleged telephone number, a limited consent which had not been previously revoked by the Plaintiff.  All other allegations or inferences of Paragraph 5 are otherwise denied.

## JURISDICTION AND VENUE

6.      This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. §227.

**ANSWER:** This paragraph consists of legal conclusions, and a burden of proof the Plaintiff must meet, to which no response is required. To the extent a response is required, Defendant denies Plaintiff has legal standing under 47 U.S.C. §227(b) in combination with 28

U.S.C. §1331 or has met the requisite thresholds under the Class Action Fairness Act ("CAFA") as related to this cause of action.  To the extent any further response is required, Defendant denies all other allegations or inferences of the Paragraph 6.


7.      Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims in this case occurred in this District, including Defendant's transmission of the unlawful and unwanted calls to Plaintiff.

**ANSWER:** Defendant denies venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) and that a substantial part of the events or omissions giving rise to the claims in this case occurred in this District as alleged in Paragraph 7.

8.      The Court has personal jurisdiction over Defendant because it conducts business in this state, markets it services within this state, and has availed itself to the jurisdiction of the State of Florida by placing calls to Plaintiff and Class Members in and from this state.

**ANSWER:** Defendant lacks knowledge or information regarding the allegations of Paragraph 8 sufficient to confirm the truth of all such allegations as stated, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof thereof.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 8.

## PARTIES

9.      Plaintiff's domicile is in Broward County, Florida. Plaintiff is a citizen of the state of Florida.

**ANSWER:** Defendant lacks knowledge or information regarding the allegations of Paragraph 9 sufficient to confirm the truth of all such allegations as stated, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof thereof.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 9.

10.      Defendant, American Auto Repair Coverage, LLC, is a Missouri Profit Corporation, listing David A. Friedrichs as its Registered Agent at 5988 Mid Rovers Mall Drive, Saint Charles, MO 63304. AARC. is also registered in the state of Missouri.

**ANSWER:** Defendant admits the allegations of Paragraph 10.

11.      Defendant is in the business of selling vehicle protection plan and holds itself out as "one of the most reputable vehicle protection plan providers in the nation".

**ANSWER:** Defendant admits the allegations of Paragraph 11.

12.      Defendant promotes and markets its services by calling wireless phone users in violation of the TPCA.

**ANSWER:** Defendant admits in part and denies in part the allegations of Paragraph 12. Defendant admits that it calls wireless phone users who have previously and voluntarily provided their personal information, including contact numbers, through third-party mailed advertisements of those seeking more information and a quote on vehicle protection plans and extended vehicle warranties.   Defendant admits that it contacts those consumers who provide limited consent to be contacted by the telephone number that they voluntarily supplied by such methods. Defendant admits that Plaintiff gave such limited consent in response such quotes, and that, Plaintiff had not revoked his consent before July 9, 2020 or July 17, 2020. Defendant denies it promotes and markets its services in violation of the TPCA.

13.      Defendant, directly or through other persons, entities or agents acting on its behalf, conspired to, agreed to, contributed to, authorized, assisted with, and/or otherwise caused

all of the wrongful acts and omissions, including the dissemination of the unsolicited calls that are the subject matter of this Complaint.

**ANSWER:** Defendant denies the allegations and inferences of Paragraph 13.

## FACTUAL ALLEGATIONS

14.    At all times relevant, Plaintiff was a citizen of the State of Florida, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER:** Defendant admits that Plaintiff is a "person" within the definition of 47 U.S.C. § 153(39). Defendant lacks knowledge or information regarding the allegations related to Plaintiff's current residency and lacks sufficient information to confirm the truth of all such allegations as stated, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof thereof.  All remaining allegations or inferences of Paragraph 14 are otherwise denied by the Defendant.

15.    Defendant is, and at all times mentioned herein was, a corporation and "persons," as defined by 47 U.S.C. § 153(39).

**ANSWER:** Defendant admits that it is a "person" within the definition of 47 U.S.C. § 153(39).

16.    At all times relevant Defendant conducted business in the State of Florida and in Broward County, within this judicial district.

**ANSWER:** Defendant denies the allegation of Paragraph 16 and specifically denies it initiated or caused to be initiated "call(s)" to Plaintiff's cellular phone to give rise to the personal jurisdiction of this court over it, and denies any such inference within Paragraph 16. Defendant further denies it did anything intentional that resulted in a call being placed to a

business cellular telephone in Broward County, Florida for purposes of this Court's jurisdiction under Paragraph 16. Defendant similarly denies Plaintiff has legal standing under 47 U.S.C. §227(b) to bring this action before this Court: To Defendant's knowledge upon information and belief, Plaintiff's cellular telephone number begins with the 407 area code, a number assigned under the North American Numbering Plan to subscribers in Orange, Osceola, Seminole, Volusia and Lake Counties in the State of Florida. Defendant lacks knowledge or information regarding the remaining allegations of Paragraph 16 sufficient to confirm the truth of all such allegations as stated, or alternatively if Plaintiff moved from the jurisdictions of Orange, Osceola, Seminole, Volusia or Lake Counties, Florida to Broward County, Florida prior to this action for purpose of this action, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof thereof. *Fiorentine v. Sarton P.R.*, Civil Action No. 19-3424 (CKK), 2020 U.S. Dist. LEXIS 157018 (D. D.C. Aug. 29, 2020).

17. Defendant utilizes prerecorded telemarketing calls (ie: calls using an artificial or prerecorded voice) to market and advertise Defendant's business and services, including at least two (2) calls to Plaintiff, on July 9, 2020 and July 17, 2020.

**ANSWER:** Defendant denies the allegations of Paragraph 17 and the plausible inference it used a pre-recorded voice or artificial in calls to the Plaintiff on July 9, 2020 and July 17, 2020 in responding to Plaintiff's expressed limited consent, given online, to receive information and quote for vehicle protection plans and extended vehicle warranties. Defendant admits that these alleged calls were at attended by a live operator who confirmed that Plaintiff still wished to receive information and a quote on this vehicle and transferred to a live agent of the Defendant. Defendant further denies the allegations and inferences that Defendant called Plaintiff using a system or device that fit the general definition of "Automatic Telephone Dialing

8

System" (ATDS) under 47 U.S.C. §227(b)(1).   See, *Glasser v, Hilton Grand Vacations Co. LLC., 948 F.3d 1301, 1306 (11th Cir. 2020).*

18.     Plaintiff knows the calls were robotic because of the distinctive nature of the sound and pauses of the recordings were always the same.

**ANSWER:** Defendant lacks knowledge or information regarding the allegations of the "distinctive nature of the sound and pauses" of Plaintiff's personal knowledge or qualified expertise as stated in Paragraph 18 sufficient to confirm the truth of all such allegations, and can neither admit nor deny the allegations, and accordingly Defendant demands strict proof or admission thereof.  All remaining allegations or inferences of Paragraph 18 are otherwise denied.

19.     On July 9, 2020 around 7:20 PM, Defendant called Plaintiff's cellular telephone number ending in "9291." Plaintiff answered and heard a pre-recorded message that sounded like a water drop, there was a delay, and then he was connected with a live agent.

**ANSWER:** Defendant admits that an alert, that sounds like a water drop and absent of any marketing or promotional solicitations, is played on the side of the live operator's Customer Management System upon connection to signal the called party has answered and is to be greeted by the live operator.  Defendant denies that the sound alert signaled before Plaintiff's connection with a live agent, and that, such a sound alert constitutes either pre-recorded telemarketing or a pre-recorded voice under 47 U.S.C. § 227(b). Defendant admits Plaintiff received a call on July 9, 2020 at about 7:20 PM from Defendant from a live operator in response to his prior request for information and quote on vehicles protection plans and extended warranties. All remaining allegations or inferences of Paragraph 19 are otherwise denied.

20.     The July 9, 2020 telephone call lasted approximately 2 minutes, which resulted in Plaintiff's phone being unavailable to place or receive other calls and depleted the phone's battery. Plaintiff also spent time investigating the source of the call.

**ANSWER:** Defendant denies the allegation time spent by the Plaintiff investigating the source of the call is a risk of real harm to a concrete interest as Plaintiff alleges that he received an email from the Defendant identifying it and having a means to contact it for further information on the source of the call. See, Compl. ¶ 25; See also, *Muransky v. Godiva Chocolatier, Inc.*, 922 F.3d 1175, 1188-1192 (11th Cir. 2019).   Defendant denies that the injuries alleged in Paragraph 20 on July 9, 2020 are sufficiently qualified as injuries in fact or even rise to concrete injuries, and are otherwise a nuisance under Florida law, as Plaintiff's otherwise alleges under the TCPA. At all times relevant to the alleged 2 minute call, Plaintiff controlled the ability to terminate any call at his will, or revoke prior expressed limited consent and Defendant therefore lacks sufficient information to confirm the truth of all such alleged damages, and can neither admit nor deny the allegations, and accordingly Defendant demands strict proof or admission thereof.  Defendant denies all remaining allegations and inferences of Paragraph 20.

21.     On July 17, 2020, Defendant called Plaintiff's cellular telephone ending in "9291." Plaintiff answered and heard the same water dropper recorded message, there was a similar delay, and then, like the prior call he was connected to a live agent.

**ANSWER:** Defendant admits that an alert, that sounds like a water drop and absent of any marketing or promotional solicitations, is played on the side of the Defendant's live operator Customer Management System upon call connection to signal the live operator that the called party has answered and needs to be greeted by the operator.  Defendant denies that the sound alert signaled before Plaintiff's connection with a live agent is an ATDS, and that, such a sound alert

constitutes either pre-recorded telemarketing or a pre-recorded voice under 47 U.S.C. § 227(b). Defendant admits Plaintiff received a call on July 17, 2020 from Defendant in response to a prior request for information and quote on vehicles protection plans and extended warranties. All remaining allegations or inferences of Paragraph 21 are otherwise denied.

22.    Plaintiff was then transferred to "Jake" at Auto Repair Coverage.

**ANSWER:** Defendant admits that Plaintiff was transferred to live agent "Jake" at Auto Repair Coverage for purposes of providing a quote for vehicle protection and extended warranties for his vehicle based upon limited consent for vehicle information Plaintiff voluntarily provided prior.

23.    The Auto Repair Coverage live agent promoted the availability of a vehicle service contract for Plaintiff's vehicle.

**ANSWER:** Defendant admits the allegations of Paragraph 23.

24.    Plaintiff then was transferred to a supervisor who offered him a "one-time super discount of 50% off" the purchase of a vehicle service contract offered by Defendant.

**ANSWER:** Defendant admits the allegations of Paragraph 24.

25.    Plaintiff provided his credit card information to Defendant and Plaintiff subsequently received a purchase confirmation via email that identified the merchant as "AMERICAN AUTO REPAIR COVERAGE".

**ANSWER:** Defendant admits the conduct of the Plaintiff and allegations of Paragraph 25. Defendant admits it sent an email to the Plaintiff to confirm its purchase of service

11

of the Defendant, based on information the Plaintiff had previously provided and voluntarily confirmed on the call. All remaining allegations and inferences of Paragraph 25 are otherwise denied.

26.     The phone call lasted approximately twenty-seven (27) minutes, which resulted in Plaintiff's phone being unavailable to place or receive other calls and depleted the phone's battery. Plaintiff also spent time investigating the source of the call.

**ANSWER:** Defendant admits the length of the call. Defendant denies the allegation time spent by the Plaintiff investigating the source of the call is a risk of real harm to a concrete interest as Plaintiff alleges that he received an email from the Defendant identifying it and having a means to contact it for further information on the source of the call. See, Compl. ¶ 25; See also, *Muransky v. Godiva Chocolatier, Inc.*, 922 F.3d 1175, 1188-1192 (11th Cir. 2019). Defendant denies that the injuries alleged in Paragraph 20 on July 17, 2020 are sufficiently qualified as injuries in fact or even rise to concrete injuries, and are otherwise a nuisance under Florida law, as Plaintiff's otherwise alleges under the TCPA. At all times relevant to the alleged 27 minute call, Plaintiff controlled the ability to terminate any call at his will, and did not revoke his prior expressed limited consent and Defendant therefore lacks sufficient information to confirm the truth of all such alleged damages, and can neither admit nor deny the allegations, and accordingly Defendant demands strict proof or admission thereof.   Defendant denies all remaining allegations and inferences of Paragraph 27.

27.     Upon information and belief, Plaintiff received additional telephone calls to his cellular telephone which he believes were made by Defendant. The telemarketing calls were made to Plaintiff's 9291 Number, and within the time period that is relevant to this action.

**ANSWER:** Defendant denies the allegations and inferences of Paragraph 27.

28.     At no time did Plaintiff provide Plaintiff's cellular number to Defendant through any medium, nor did Plaintiff consent to receive such unsolicited calls.

**ANSWER:** Defendant denies the allegations and inferences of Paragraph 28; Plaintiff provided prior limited consent to be contacted online and at no time prior to July 9, 2020 or July 17, 2020 revoked such limited consent.

29.     Plaintiff has never signed-up for, and has never used, Defendant's services, and has never had any form of business relationship with Defendant.

**ANSWER:** Defendant denies the allegations and inferences of Paragraph 29.

30.     Plaintiff is the subscriber and sole user of the 9291 Number and is financially responsible for phone service to the 9291 Number, including the cellular costs and data usage incurred as a result of the unlawful calls made to Plaintiff by Defendant.

**ANSWER:** Defendant lacks knowledge or information sufficient to confirm the truth of all such allegations as to financial responsibility of the cellular telephone germane to this lawsuit within Paragraph 30, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof thereof.  To the knowledge of the Defendant, the cellular telephone of the Plaintiff, germane to this lawsuit, is listed by the Plaintiff as a business line in connection with his business. All remaining allegations and inferences of Paragraph 30 are otherwise denied.

31.    Additionally, Plaintiff has been registered on the National Do Not Call Registry since September 18, 2018.

**ANSWER:** Defendant admits it had expressed limited consent from the Plaintiff to call him on July 9, 2020 and July 17, 2020 for quote purposes that had not been revoked by the Plaintiff before those dates. Defendant lacks knowledge or information sufficient to confirm the truth of all such allegations as to the history of the subscriber telephone number ending in 9291 on the National Do Not Call Registry as alleged within Paragraph 30, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof thereof.

32.    The content of the calls made to Plaintiff and the Class Members show that they were for the purpose of marketing, advertising, and promoting Defendant's business and services to Plaintiff as part of an overall telemarketing strategy.

**ANSWER:** Defendant denies the allegations and inferences of Paragraph 32, the content of the calls made to Plaintiff were at all times a call-to-action response based on the Plaintiff's request, and limited consent, for a quote for vehicle protection and extended warranty plans that Plaintiff had not revoked prior to July 9, 2020 and July 17, 2020 or since.

33.    These calls were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

**ANSWER:** Defendant admits the allegations of Paragraph 33.

34.    Plaintiff did not provide Defendant or its agents prior express consent to receive calls, including unsolicited calls, to his cellular telephone, pursuant to 47U.S.C.

**ANSWER:** Defendant denies the allegations and inferences of Paragraph 34.

35. The unsolicited calls by Defendant, or its agents, violated 47 U.S.C. §227(b)(1).

**ANSWER:** Defendant denies the allegations and inferences of Paragraph 35.

36. Defendant is and was aware that it is placing unsolicited robocalls to Plaintiff and other consumers without their prior express consent.

**ANSWER:** Defendant denies the allegations and inferences of Paragraph 36.

37. Plaintiff was damaged by Defendant's calls. In addition to using Plaintiff's residential cellular data, phone storage, and battery life, his privacy was wrongfully invaded, and Plaintiff has become understandably aggravated with having to deal with the frustration of repeated, unwanted calls, forcing him to divert attention away from his work and other activities. Not only did the receipt of the robocalls distract Plaintiff away from his personal activities, Plaintiff was forced to spend time investigating the source of the calls and who sent them to him. *See, Muransky v. Godiva Chocolatier, Inc.,* 905 F.3d 1200, 1211 (11th Cir. 2018). ("[T]ime wasting is an injury in fact".... "[A] small injury… is enough for standing purposes").

**ANSWER:** Defendant denies the allegation time spent by the Plaintiff investigating the source of the call is a risk of real harm to a concrete interest as Plaintiff alleges that he received an email from the Defendant identifying it and having a means to contact it for further information on the source of the call. See, Compl. ¶ 25; See also, *Muransky v. Godiva Chocolatier, Inc.*, 922 F.3d 1175, 1188-1192 (11th Cir. 2019). Defendant denies that the injuries alleged in Paragraph 37 are sufficiently qualified as injuries in fact or even rise to concrete injuries, and are otherwise a nuisance under Florida law, as Plaintiff otherwise alleges. At all times relevant to the allegations of Paragraph 37, Plaintiff controlled the ability to terminate any

15

call at his will, or revoke his prior expressed limited consent, and Defendant therefore lacks sufficient information to confirm the truth of all such alleged damages, and can neither admit nor deny the allegations, and accordingly Defendant demands strict proof or admission thereof. Defendant denies all remaining allegations and inferences of Paragraph 37.

## <u>CLASS ACTION ALLEGATIONS</u>

38.     Plaintiff brings this class action under rules 23(a) and 23(b)(2) & (b)(3) of the Federal Rules of Civil Procedure on behalf of itself and of a similarly situated "Class" or "Class Members" defined as:

> **<u>No Consent Class:</u> All persons within the United States who, within the four years prior to the filing of this Complaint, were called by Defendant or anyone on Defendant' behalf, to said person's cellular telephone number, advertising Defendant's services, without the recipients prior express consent, using the same equipment used to call Plaintiff's cellular telephone, in violation of the TCPA.**

> **<u>Do Not Call Registry Class:</u> All persons in the United States who from four years prior to the filing of this action (1) were called by or on behalf of Defendant;(2)more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and/or services; and (5) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.**

**ANSWER:** Defendant reasserts prior answers and their predicate in response to ¶¶ 1 to 37 of the Complaint in answer to Paragraph 39 and denies that Plaintiff properly may certify the proposed classes as alleged in Paragraph 38. Defendant admits, based upon information and belief, that Plaintiff's proper classes of similarly situated persons may in fact comprise all person who

gave limited consent, and did not revoke such limited consent, to be called in under a call to action response to specific goods and services after voluntarily providing their information quote and further provided a business telephone number for response. Defendant denies Plaintiff has legal standing under 47 U.S.C. §227(b) in combination with 28 U.S.C. §1331 and § 1332 (d) (2) or Federal Rules of Civil Procedure Rules 23(a), (b) (2), and (b) (3); and alternatively fails to meet the requisite thresholds under the Class Action Fairness Act of 2005 ("CAFA") as related to this cause of action and claimed under Paragraph 38. Defendant further denies it used a system or equipment that comprise an Automated Telephone Dialing System (ATDS) under 47 U.S.C. § 227(b)(1)(A)(iii), or "pre-recorded telemarketing" or an "artificial voice." All remaining allegations and inferences of Paragraph 38 as to class members and class definition are otherwise denied.

39.     Excluded from the Class are: any Defendant, and any subsidiary or affiliate of that Defendant, and the directors, officers and employees of that Defendant or its subsidiaries or affiliates, and members of the federal judiciary.

**ANSWER:** Defendant reasserts prior answers and their predicate in response to ¶¶ 1 to 37 of the Complaint in answer to Paragraph 39 and Defendant denies that Plaintiff meets mandatory prerequisites for a class action, or that this case is appropriate for class treatment that would embody exclusions as alleged or inferred under Paragraph 39. Defendant denies all remaining allegations or inferences of Paragraph 39.

40.     This action has been brought and may properly be maintained as a class action against Defendant pursuant to Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable. Plaintiff reserves the right to amend the Class definition if discovery and further

investigation reveal that any Class should be expanded or otherwise modified.

**ANSWER:** Defendant reasserts prior answers and their predicate in response to ¶¶ 1 to 37 of the Complaint in answer to Paragraph 39 and Defendant denies that Plaintiff meets mandatory requisites under Rule 23 to ascertain a defined community of interest in the litigation for formation of a Class under a class action as alleged or inferred under Paragraph 39. Defendant denies all remaining allegations or inferences of Paragraph 39.

41.     **Numerosity**: At this time, Plaintiff does not know the exact number of Class Members, but among other things, given the nature of the claims and that Defendant's conduct consisted of a standardized SPAM campaign calls placed to cellular telephone numbers, Plaintiff believes, at a minimum, there are greater than forty (40) Class Members. Plaintiff believes that the Class is so numerous that joinder of all members of the Class is impracticable and the disposition of their claims in a class action rather than incremental individual actions will benefit the Parties and the Court by eliminating the possibility of inconsistent or varying adjudications of individual actions.

**ANSWER:** Defendant reasserts prior answers and their predicate in response to ¶ 1 to ¶ 37 of the Complaint in answer to Paragraph 41 and denies its conduct consisted of a standardized SPAM campaign calls placed to cellular telephone numbers.  Defendant denies the remaining allegations and inferences of Paragraph 41.

42.     Upon information and belief, a more precise Class size and the identities of the individual members thereof are ascertainable through Defendant's records, including, but not limited to Defendant's calls and marketing records.

**ANSWER:** Defendant reasserts prior answers and their predicate in response to ¶ 1

18

to ¶ 37 of the Complaint in answer to Paragraph 42, denies that Plaintiff is entitled to relief or

damages under 47 U.S.C. § 227(b), and otherwise denies Plaintiff has entitlement to records of

the Defendant. See, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n.12, 98 S. Ct. 2380, 57 L.

Ed. 2d 253 (1978); See also, *In re Williams-Sonoma, Inc.*, 947 F.3d 535 (9th Cir. 2020).  Defendant

denies all remaining allegations and inferences, and plausible inferences, of Paragraph 42.


43.     Members of the Class may additionally or alternatively be notified of the

pendency of this action by techniques and forms commonly used in class actions, such as by

published notice, e-mail notice, website notice, fax notice, first class mail, or combinations

thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by

the Court.

        **ANSWER:** Defendant reasserts prior answers and their predicate in response to ¶ 1

to ¶ 37 of the Complaint in answer to Paragraph 43, denies that Plaintiff is entitled to relief or

damages under 47 U.S.C. § 227(b), and otherwise denies all remaining allegations and

inferences, and plausible inferences, of Paragraph 43.


44.     **Existence and Predominance of Common Questions of Fact and Law**: There

is a well-defined community of common questions of fact and law affecting the Plaintiff and

members of the Class. Common questions of law and/or fact exist as to all members of the Class

and predominate over the questions affecting individual Class members. These common legal

and/or factual questions include, but are not limited to, the following:

        a.   Whether, within the four years prior to the filing of this Complaint, Defendant or

            its agents called (other than a message made for emergency purposes or made

            with the prior express consent of the called party) to a Class member using any

automatic dialing to any telephone number assigned to a cellular phone service;

b.  How Defendant obtained the numbers of Plaintiff and Class members;

c.  Whether Defendant called Plaintiff and Class Members using a prerecorded message or artificial voice;

d.  WhetherthedialingsystemusedtocallisanAutomaticTelephoneDialingSystem;

e.  Whether Defendant engaged in telemarketing when it called which are the subject of this lawsuit;

f.  Whether the calls made to Plaintiff and Class Members violate the TCPA and its regulations;

g.  Whether Defendant willfully or knowingly violated the TCPA or the rules prescribed under it;

h.  Whether the calls made to Plaintiff and Class Members violate the Do Not Class Registry rules and regulations;

i.  Whether Plaintiff and the members of the Class are entitled to statutory damages, treble damages, and attorney fees and costs for Defendant's acts and conduct;

j.  Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining Defendant from continuing to engage in its unlawful conduct; and

k.  Whether Plaintiff and the Class are entitled to any other relief.

**ANSWER:** Defendant reasserts prior answers and their predicate in response to ¶ 1 to ¶ 37 of the Complaint in answer to Paragraph 44, denies that Plaintiff is entitled to relief or damages under 47 U.S.C. § 227(b), and otherwise denies all remaining allegations and inferences, and plausible inferences, of Paragraph 44 (a) to (k).

45.   One or more questions or issues of law and/or fact regarding Defendant's liability

are common to all Class Members and predominate over any individual issues that may exist and may serve as a basis for class certification under Rule23(c)(4).

 **ANSWER:** Defendant reasserts prior answers and their predicate in response to ¶ 1 to ¶ 37 of the Complaint in answer to Paragraph 45, denies that Plaintiff is entitled to relief or damages under 47 U.S.C. § 227(b), and otherwise denies all remaining allegations and inferences, and plausible inferences that Rule23(c)(4) is applicable, as alleged in Paragraph 45.

 46. **Typicality**: Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same course of conduct that violates the TCPA.

 **ANSWER:** Defendant reasserts prior answers and their predicate in response to ¶ 1 to ¶ 37 of the Complaint in answer to Paragraph 45, denies that Plaintiff is entitled to relief or damages under 47 U.S.C. § 227(b), and otherwise denies all remaining allegations and inferences, and plausible inferences that Plaintiff's alleged claims are typical of any violation of the TCPA by Defendant, as alleged in Paragraph 45.

 47. Plaintiff and members of the Class each received at least one telephone call, advertising the Defendant's health savings products, which Defendant placed or caused to be placed to Plaintiff and the members of the Class.

 **ANSWER:** Defendant denies the allegations and inferences of Paragraph 47 as it offers no health savings products or services.

 48. **Adequacy of Representation:** Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the members of the Class.

Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Class and has no interests antagonistic to the members of the Class. Plaintiff has retained counsel, who are competent and experienced in litigation in the federal courts, TCPA litigation and class action litigation.

ANSWER: Defendant reasserts prior answers and their predicate in response to ¶ 1 to ¶ 37 of the Complaint in answer to Paragraph 48, denies that Plaintiff is entitled to relief or damages, under 47 U.S.C. § 227(b), and otherwise denies all remaining allegations and inferences, and plausible inferences that Rule23(c)(4) is applicable, as alleged in Paragraph 48. Defendant further denies that any award of incentive payment to Representative Plaintiff of the Class, comprising personal and/or private expenses is permissible. *Johnson v. NPAS Solutions,* No. 18-12344, 2020 U.S. App. LEXIS 29682 (11th Cir. Sept. 17, 2020) (*Analyzing,* *Trustees v. Greenough*, 105 U.S. 527 (1882), and *Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116 (1885) and F.R.C.P. 23).

49.    **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages which may be awarded to the members of the Class are likely to be substantial, the damages suffered by individual members of the Class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced against Defendant by any member of the Class. The likelihood of the individual members of the Class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the

conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

**ANSWER:** Defendant reasserts prior answers and their predicate in response to ¶ 1 to ¶ 37 of the Complaint in answer to Paragraph 49, denies that Plaintiff is entitled to relief or damages under 47 U.S.C. § 227(b), and otherwise denies all remaining allegations and inferences, and plausible inferences that Rule23(c)(4) is applicable, as alleged in Paragraph 49.

50. **Class-Wide Injunctive Relief and Rule 23(b)(2):** Moreover, as an alternative to or in addition to certification of the Class under Rule 23(b)(3), class certification is warranted under Rule 23(b)(2) because Defendant has acted on grounds generally applicable to Plaintiff and members of Class, thereby making appropriate final injunctive relief with respect to Plaintiff and Class Members as a whole. Plaintiff seeks injunctive relief on behalf of Class Members on grounds generally applicable to the entire Class in order to enjoin and prevent Defendant Defendant's ongoing violations of the TCPA, and to order Defendant to provide notice to them of their rights under the TCPA to statutory damages and to be free from unwanted calls.

**ANSWER:** Defendant reasserts prior answers and their predicate in response to ¶ 1 to ¶ 37 of the Complaint in answer to Paragraph 50, denies that Plaintiff is entitled to relief or damages under 47 U.S.C. § 227(b), otherwise denies injunctive relief is proper, and denies all remaining allegations and inferences, and plausible inferences that Rule 23(b)(2) is applicable, as alleged in Paragraph 50.

23

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION
## ACT 47 U.S.C. § 227(b)

51.     Plaintiff incorporates by reference all of the allegations contained in all of the above paragraphs 1 through 50 of this Complaint as though fully stated herein.

**ANSWER:** Defendant reasserts prior answers and their predicate in response to ¶¶ 1 to 50 of the Complaint in answer to Paragraph 51.

52.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system...to any telephone number assigned to a...cellular telephone service . . ." 47 U.S.C. §227(b)(1)(A)(iii).

**ANSWER**: The substance of this paragraph is a reiteration of parts of the TCPA, and inferred legal conclusions, with no allegation of fact or claim made against the Defendant and therefore no response is required, but to the extent any response would be required, all allegations or inferences of Paragraph 52 are denied.

53.     Automatic telephone dialing system refers to "equipment which has the capacity--(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

**ANSWER:** Defendant admits in part and denies in part the allegations of Paragraph 53. Defendant admits the expressed language of 47 U.S.C. § 227(a)(1).. Defendant denies the allegations and inferences that Defendant called Plaintiff using a system or device that fit the general definition of "Automatic Telephone Dialing System" (ATDS) under 47 U.S.C. §227(b)(1).  See, *Glasser v, Hilton Grand Vacations Co. LLC., 948 F.3d 1301, 1306*

*(11th Cir. 2020).*

54.     Defendant – or third parties directed by Defendant – used equipment having the capacity to randomly or sequentially generate telephone numbers and to dial such numbers without human intervention to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class defined above.

  **ANSWER:** Defendant reasserts prior answers and their predicate in response to ¶ 1 to ¶ 37 of the Complaint and denies the allegations of Paragraph 54.

55.     These calls were made without regard to whether or not Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cellular phones of Plaintiff and the other members of the putative Class when its calls were made.

  **ANSWER:** Defendant reasserts prior answers and their predicate in response to ¶ 1 to ¶ 50 of the Complaint and denies the allegations of Paragraph 55.

56.     Defendant has, therefore, violated Sec. 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cellular phones of Plaintiff and the other members of the putative Class without their prior express written consent.

  **ANSWER:** Defendant reasserts prior answers and their predicate in response to ¶ 1 to ¶ 50 of the Complaint and denies the allegations of Paragraph 56.

57.     Furthermore, it is a violation of the TCPA "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior consent of the called party, unless the call is initiated for emergency purposes...."47U.S.C. 227(b)(1)(B).

**ANSWER:** Defendant admits in part and denies in part the allegations of Paragraph 57. Defendant admits the expressed language of 47 U.S.C. § 227(a)(1)(B). Defendant denies the allegations and inferences that Defendant called Plaintiff in violation of the TCPA by use of an ATDS or an artificial or pre-recorded voice.

58.     Defendant – or third parties directed by Defendant – used an artificial or prerecorded voice to deliver messages to Plaintiff and other Class Members without prior consent.

**ANSWER:** Defendant reasserts prior answers and their predicate in response to ¶ 1 to ¶ 50 of the Complaint and denies the allegations of Paragraph 58.

59.     These calls were made without regard to whether or not Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call any of these cellular phones.

**ANSWER:** Defendant reasserts prior answers and their predicate in response to ¶ 1 to ¶ 50 of the Complaint and denies the allegations of Paragraph 59.

60.     Defendant has, therefore, violated Sec. 227(b)(2) of the TCPA by initiating telephone class while using an artificial or prerecorded voice to deliver non-emergency telephone calls to the cellular phones of Plaintiff and the other members of the putative Class without their

prior express written consent.

      **ANSWER:** Defendant reasserts prior answers and their predicate in response to ¶ 1 to ¶ 50 of the Complaint and denies the allegations of Paragraph 60.

61.     The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

      **ANSWER:** Defendant denies the allegations and inferences of Paragraph 61.

62.     As a result of Defendant's negligent violations of 47 U.S.C. §227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

      **ANSWER:** Defendant denies the allegations and inferences of Paragraph 62.

63.     At all relevant times, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

      **ANSWER:** Defendant denies the allegations and inferences of Paragraph 63.

64.     Defendant knew that it did not have prior express consent to make these calls, and knew or should have known that its conduct was a violation of the TCPA.

      **ANSWER:** Defendant denies the allegations and inferences of Paragraph 64.

65.     Because Defendant knew or should have known that Plaintiff and Class Members did not give prior express consent to receive autodialed calls, the Court should treble the amount

of statutory damages available to Plaintiff and members of the Putative Class pursuant to section 227(b)(3)(C) of the TCPA.

   **ANSWER:** Defendant reasserts prior answers and their predicate in response to ¶ 1 to ¶ 50 of the Complaint and denies the allegations of Paragraph 65.

  66. Likewise, since Defendant knew or should have known that Plaintiff and Class Members did not give prior express consent to receive calls using artificial or prerecorded voice, the Court should treble the amount of statutory damages available to Plaintiff and members of the Putative Class pursuant to section 227(b)(3) of the TCPA.

   **ANSWER:** Defendant reasserts prior answers and their predicate in response to ¶ 1 to ¶ 50 of the Complaint and denies the allegations of Paragraph 66.

  67. As a result of Defendant knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(C).

   **ANSWER:** Defendant reasserts prior answers and their predicate in response to ¶ 1 to ¶ 38 of the Complaint and denies the allegations of Paragraph 67.

  68. Plaintiff and the Class a real so entitled to and seek injunctive relief prohibiting such conduct in the future.

   **ANSWER:** Defendant reasserts prior answers and their predicate in response to ¶ 1 to ¶ 38 of the Complaint and denies the allegations of Paragraph 68.

## COUNT II
## VIOLATION OF THE TCPA 47 U.S.C. § 227
## On Behalf of Plaintiff and the Do Not Call Registry Class

69.      Plaintiff incorporates by reference all of the allegations contained in all of the above paragraphs 1 through 50 of this Complaint as though fully stated herein.

**ANSWER:** Defendant reasserts prior answers and their predicate in response to ¶ 1 to ¶ 50 of the Complaint in answer to Paragraph 69.

70.      The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

**ANSWER:** Defendant admits in part and denies in part the allegations of Paragraph 70. Defendant admits the expressed language of 47 C.F.R. § 64.1200(c).  Defendant denies the allegations and inferences that Defendant called Plaintiff in violation of the national do-not-call registry as the call was made with the prior expressed limited consent of the Plaintiff and re-avers its answers and their predicate in response to ¶ 1 to ¶ 37 of the Complaint in answer to Paragraph 70.

71.      47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

**ANSWER:** Defendant admits the provisions of 47 C.F.R. § 64.1200(e) as it speaks for itself.  All remaining allegations or inferences of Paragraph 71 are otherwise denied.

72. 47 C.F.R. §64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

**ANSWER:** Defendant admits the provisions of 47 C.F.R. § 64.1200(d) as it speaks for itself. All remaining allegations or inferences of Paragraph 72 are otherwise denied.

73. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. §227(c).

**ANSWER:** Defendant admits the provisions of 47 U.S.C. §227(c) as it speaks for itself. All remaining allegations or inferences of Paragraph 73 are otherwise denied.

74. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

**ANSWER:** Defendant admits the provisions of 47 C.F.R. § 64.1200(c). as it speaks for itself. All remaining allegations or inferences of Paragraph 74 are otherwise denied.

75.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. §227 (c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. §64.1200.

**ANSWER:** Defendant denies in part and admits in part the allegations of Paragraph 75. Defendant denies that it violated the TCPA or 47 U.S.C. § 227 (c) (5) when it called the Plaintiff on July 9, 2020 or July 17 2020, and re-avers its answers and their predicate in response to ¶ 1 to ¶ 37 of the Complaint.  Defendant admits that 47 U.S.C. §227 (c) and 47 C.F.R. § 64.1200 speak for themselves.

76.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c) (5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**ANSWER:** Defendant denies that it violated the TCPA or 47 U.S.C. § 227 (c) (5) when it called the Plaintiff on July 9, 2020 or July 17 2020 and re-avers its answers and their predicate in response to ¶ 1 to ¶ 37 of the Complaint in response to Paragraph 76.  All remaining allegations or inferences of Paragraph 76 are otherwise denied,

## RELIEF SOUGHT

WHEREFORE, Defendant prays that the Court enters an order of judgment in favor of Defendant wherein the Plaintiff takes nothing under the Complaint for failure to state a claim or alternatively Dismiss the Complaint with prejudice and enter judgment for Defendant; Deny or

Dismiss the class claims; find Defendant has not acted in the placement of a call to the Plaintiff via an ADTS congruent with the Federal Telephone Consumer Protection Act (TCPA) and that Plaintiff pays Defendant's costs, including attorney fees relevant to this claim, or any relief it deems necessary, as a part of such order; and grant such other and further relief as the Court deems just and proper. Defendant further prays for costs, including attorney fees relevant to meritorious affirmative defenses, or any relief it deems necessary, as a part of such order.

## <u>DEFENDANT'S AFFIRMATIVE DEFENSE</u>

Defendant, American Auto Repair Coverage, LLC., demands JURY TRIAL on the following AFFIRMATIVE DEFENSES:

### <u>FIRST AFFIRMATIVE DEFENSE</u>

**As to Count I for Relief – Avoidance, No use of ATDS under statute**

Defendant avoids liability for damages and prohibitive injunctive relief under the Federal Telephone Consumer Protection Act (TCPA) because calls received by Plaintiff were not made through an "Automatic Telephone Dialing System" (ATDS) as prescribed by 47 U.S.C. §227(b)(1) and 47 C.F.R. § 64.1200 or as interpreted under prevailing law.  <u>See</u>, *Glasser v, Hilton Grand Vacations Co. LLC., 948 F.3d 1301 (11th Cir. 2020).* The human intervention necessary for the Defendant to place any calls on July 9, 2020, July 17, 2020, involved extensive human interaction of the Defendant that were not automated, and, were not made from a software, device or technology that generated numbers or sequentially dial any telephone numbers absent human intervention.   If any liability exists under the Plaintiff's claims that Defendant effectuated a telemarketing call under the TCPA, Defendant avoids liability for damages under the TCPA because:

1. Neither Defendant, nor any person at its direction, control or caused to be controlled a system or device that constituted an ATDS under prevailing interpretations of 47 U.S.C. §227(b)(1);  The elements of what lawfully constitutes an ATDS embody more than call being received by a Called Party under the TCPA and comprise a set of requisite systems and functionality that is absent human intervention when used in combination. <u>See</u>, *Glasser v, Hilton Grand Vacations Co. LLC., 948 F.3d at 1306.*

2. The devices and systems used by the Defendant on July 9, 2020 and July 17, 2020 were dependent upon extensive human intervention to function, and not automatic or stored automatically as Plaintiff contends. <u>Id</u>.

3. No pre-recorded or automated voice was used and all alleged calls were attended by a live operator and agent of Defendant. Mistaken by the Plaintiff in his Complaint, Defendant's virtual Customer Relationship Management signals a water-drop sound when the live operator is connected on a call - the sound does not precede the call connection with a live operator.

4. Absent a telemarketing "call" within the meaning of 47 U.S.C. § 227(b) being placed or being caused to be placed on July 9, 2020 and July 17,  2020 (or otherwise) by an Automatic Telephone Dialing System" as prescribed by 47 U.S.C. §227(b)(1) and 47 C.F.R. § 64.1200 by or at the direction or by Defendant, Plaintiff can recover no individual relief or obtain liability against Defendant, either on behalf of himself or persons similarly situated, and relief by the Court is impossible.

Plaintiff fails to prove a proper elements of claim for damages under 47 U.S.C. § 227(b) as there was no used of an ATDS by Defendant and recover of damages or entitlement to relief against Defendant under the TCPA is impossible.

WHEREFORE**,** Defendant prays that the Court enters an order of judgment wherein the

Plaintiff takes nothing under prevailing law and Plaintiff pays Defendant's costs, including attorney fees relevant to this claim and this affirmative defense, or any relief it deems necessary, as a part of such order.

### SECOND AFFIRMATIVE DEFENSE

**As to Counts I & II for Relief – Exception to Statute:**
**Un-revoked prior express limited consent to call**

Defendant avoids liability for damages and prohibitive injunctive relief under the Federal Telephone Consumer Protection Act (TCPA) because calls received by Plaintiff were made with the expressed limited consent of the Plaintiff to receive competitive quotes for goods and services like those of Defendant, as well as other companies offering similar goods and services like the Defendant.  The call(s) germane to the Complaint were not made by Defendant for willful or negligent purposes of "unrestrictive marketing" but were in fact made for the purpose of fulfilling Plaintiff's requests for competitive quotes that met the Plaintiff's budget and dependent upon his prior expressed limited consent for such a purpose. See, *Schweitzer v. Comenity Bank*, 866 F.3d 1273, 1276 (11th Cir. 2017).

The calls of the Defendant were made with the expressed limited consent of the Plaintiff.  The FCC has clarified that: "the scope of [an individual's prior express] consent must be determined upon the facts of each situation." <u>See</u>, *In the Matter of Group Me, Inc./Skype Commc'ns S.A.R.L Petition for Expedited Declaratory Ruling Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 29  FCC Rcd. 3442, 3446 (2014); <u>See</u> <u>also</u>, *Sliwa v. Bright House Networks, LLC*, 333 F.R.D. 255, 264-265, (M.D. Fla. 2019).  In the instance of the facts of the situation were:

1.  Prior to July 9, 2020, but within the scope of the TCPA,  Plaintiff opt-in to being contacted

by telephone, and receive multiple quotes vehicle protection plans and extended warranties for his vehicle which he identified as a Jeep.

2. Prior to July 9, 2020, but within the scope of the TCPA, Plaintiff voluntarily provided information, including his cellular telephone number (which was a work number), to ultimately received competitive quotes for goods and services such as those provided by the Defendant.  Plaintiff voluntarily opted-in and gave his expressed limited consent to being contacted by the telephone he listed for such purposes.

3. Plaintiff subsequently received other calls for competitive quotes from various companies similar to the Defendant, which he rejected prior to the alleged calls by the Defendant.

4. At no time relevant to Plaintiff's Count I or II of the Complaint, did Plaintiff orally, in writing (by electronic communication or otherwise), or expressly revoke his expressed limited consent to be contacted for further competitive quotes for the goods or services of the Defendant.

5. Defendant acted upon Plaintiff's unrevoked expressed limited consent to receive a competitive quote and called Plaintiff for such liked purposes – Defendant even reduced its regular premiums and pricing in the quote given to Plaintiff to come under previously rejected quote prices by the Plaintiff.

Although Defendant called Plaintiff on July 9, 2020 and July 17, 2020, Plaintiff provided un-revoked prior expressed written limited consent for such calls and cannot recover damages under 47 U.S.C. §227 (b) or (c) for individual relief or obtain liability against Defendant, either on behalf of himself or persons similarly situated, under the TCPA and Do-Not-Call Rules by the Court is impossible under prevailing law.  Similarly the claims of violations of the TCPA are barred to the extent that Plaintiff or members of similarly situated putative class provided consent for the alleged calls, including, without limitation, "prior express limited consent" under the TCPA.

WHEREFORE, Defendant prays that the Court enters an order of judgment wherein the Plaintiff takes nothing under prevailing law and Plaintiff pays Defendant's costs, including attorney fees relevant to this claim and this affirmative defense, or any relief it deems necessary, as a part of such order.

### THIRD AFFIRMATIVE DEFENSE

**As to Count I & II for Relief – Avoidance, Good Faith and Reasonable Reliance**

Defendant avoids liability for damages and prohibitive injunctive relief under the Federal Telephone Consumer Protection Act (TCPA) because Defendant acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws. Defendant acted in good faith and reasonably relied on the prior expressed limited consent Plaintiff provided online for receiving calls for competitive quotes on vehicle protection plans and extended vehicle warranties. Prior to the Defendant's calls to Plaintiff, Plaintiff received calls for competitive quotes from similar companies under the same prior expressed limited consent and did not revoke his consent (orally or otherwise) after rejecting the pricing on those quotes. Defendant acted reasonably in that Plaintiff failed to revoke his consent or otherwise express the desire that he no longer wished to receive calls for such quotes on or before July 9, 2020 or July 17, 2020.  Defendant acted in good faith in that it reasonably relied on the conduct of Plaintiff, who at no time during the calls with Defendant, expressed any desire that he no longer wanted to receive information on competitive quotes by telephone from Defendant, desired the live operator and agent to immediately stop the call, request to place him on Defendant's do-not-call list, or otherwise act in any indirect expression of revocation of his prior expressed limited consent. Plaintiff's failure to his prior expressed limited consent waived a necessary element of a claim of violation of the TCPA under Counts I and II of the Complaint that are thus barred to the extent that Defendant reasonably relied and otherwise acted in good faith when calling the Plaintiff.

WHEREFORE, Defendant prays that the Court enters an order of judgment wherein the Plaintiff takes nothing to the extent that Defendant acted in good faith and reasonably relied on the failure of the Plaintiff to express any revocation or his expressed prior limited consent and Plaintiff pays Defendant's costs, including attorney fees relevant to this claim and this affirmative defense, or any relief it deems necessary, as a part of such order.

## FORTH AFFIRMATIVE DEFENSE

### As to Count II for Relief – Avoidance of treble damages, not knowing or willful acts

Defendant avoids treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class liability for damages under the Federal Telephone Consumer Protection Act (TCPA) because Defendant at all times relevant did not act in a willful or knowing manner.  Defendant's conduct demonstrates avoidance in that:

1. Defendant's calls were a direct result of Plaintiff voluntarily providing his information and telephone number for a competitive quote website requesting quotes for vehicle protection plans and extended vehicle warranties, and not a random call to a random number dialed.

2. Plaintiff opted-in to being contacted by telephone to receive information and quotes at the time he provided his information on the website.

3. Plaintiff failed to revoke his consent to receive quotes by telephone calls prior to calls by Defendant.

4. Defendant used no ATDS as defined under prevailing law in this jurisdiction.

5. Defendant utilized live operators and agents to call Plaintiff, and at any time during those calls Plaintiff was not prevented from revoking his prior expressed limited consent, and gave no indication that he no longer wished to be called for such purposes to any representative of the Defendant.

Absent a telemarketing "call" within the meaning of 47 U.S.C. § 227(b) being knowingly or willfully placed or being caused to be placed on July 9, 2020 and July 17, 2020 by an Automatic Telephone Dialing System" as prescribed by 47 U.S.C. §227(b)(1) and 47 C.F.R. § 64.1200, or otherwise, at the direction or by Defendant, Plaintiff can recover no individual treble relief or obtain such liability against Defendant, either on behalf of himself or persons similarly situated, and the award of such relief by the Court is impossible.

WHEREFORE, Defendant prays that the Court enters an order of judgment wherein the Plaintiff is denied treble damages to the extent that Defendant did not act knowingly or willfully and Plaintiff pays Defendant's costs, including attorney fees relevant to this claim and this affirmative defense, or any relief it deems necessary, as a part of such order.

## FIFTH AFFIRMATIVE DEFENSE

**As to Counts I & II for Relief – Avoidance of Class liability under 47 U.S.C. § 227(b) and 47 U.S.C. § 227(c), in combination with 28 U.S.C. §1331 and § 1332(D)(2).**

Defendant avoids liability for damages and prohibitive injunctive relief under the Federal Telephone Consumer Protection Act (TCPA) because under prevailing law Plaintiff fails to cognize a claim for violation of 47 U.S.C. § 227(b) or (c) upon which relief can be granted to Plaintiff, or a class of similarly situated persons. Within the relevant period prescribed by the TCPA and to the present date, Defendant has made no outbound telemarketing effort, call, campaign or sales method that uses an ATDS or a pre-recorded voice to solicit sale of goods and services, either directly itself or through any third-party, that would comprise the necessary circumstance or predicate for an violation under 47 U.S.C. § 227(b) or (c). Relief for class of persons, similarly situated, predicated on the same failures is impossible. If any liability exists under the Plaintiff's claims for allegations of violation(s) of the TCPA, Defendant is not liable for damages because:

1. Calls made to Plaintiff by Defendant on July 9, 2020 and July 17, 2020 were not made by use

of an Automatic Telephone Dialing System" as prescribed by 47 U.S.C. §227(b)(1) and 47 C.F.R. § 64.1200.  See, *Glasser v, Hilton Grand Vacations Co. LLC., 948 F.3d 1301, 1306 (11th Cir. 2020).*

2. Calls made to Plaintiff by Defendant on July 9, 2020 and July 17, 2020 with the prior expressed limited consent of the Plaintiff.  See, *In the Matter of GroupMe, Inc./Skype Commc'ns S.A.R.L Petition for Expedited Declaratory Ruling Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 29  FCC Rcd. 3442 (2014).

3. Plaintiff failed to revoke his prior expressed limited consent to Defendant or any other caller prior to the Defendant who fulfilled information and quotes for vehicle protection plans or extended vehicle warranties prior to July 17, 2020. Id.

4. Defendants call(s) were not made for willful or negligent purposes of "unrestrictive marketing" but were in fact made for the specific purpose of fulfilling Plaintiff's call-to-action requests for competitive quotes that met the Plaintiff's budget. See, *Schweitzer v. Comenity Bank*, 866 F.3d 1273, 1276 (11th Cir. 2017).

5. Accordingly, Plaintiff's claims are not cognizable under 47 U.S.C. § 227(b) or (c) and class damages or relief predicated on the Plaintiff's claims and under 28 U.S.C. §1331 or § 1332(D)(2) is impossible.

6. Absent claims cognizable under 47 U.S.C. § 227(b) or (c), damages, relief, or discovery for a punitive class of person(s) is improper.  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n.12, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978); See also, *In re Williams-Sonoma, Inc.*, 947 F.3d 535 (9th Cir. 2020).

WHEREFORE**,** Defendant prays that the Court enters an order of judgment wherein the Plaintiff is denied class action and treble damages to the extent that Plaintiff's claims are not cognizable under 47 U.S.C. § 227(b) or (c), or otherwise dismiss such class damages and relief, and

Plaintiff pays Defendant's costs, including attorney fees relevant to this claim and this affirmative defense, or any relief it deems necessary, as a part of such order.

## SIXTH AFFIRMATIVE DEFENSE

### As to Counts I & II for Relief – Waiver and Estoppel

Plaintiff, and any members of his putative, class have waived their right to recover against Defendant, in whole or in part, and/or their claims are otherwise barred by estoppel.  By conduct, representations, and omissions, upon which Defendant relied to its detriment, Plaintiff is equitably estopped from asserting any claim for relief against it.

WHEREFORE, Defendant prays that the Court enters an order of judgment wherein the Plaintiff takes nothing as the Plaintiff, and alleged class members, have waived their right to recover against Defendant or are otherwise estopped under prevailing law and Plaintiff pays Defendant's costs, including attorney fees relevant to this claim, or any relief it deems necessary, as a part of such order.

## DEFEDNANT'S RESERVATION OF RIGHTS

Defendant reserves the right to raise additional affirmative defenses or amend its existing affirmative defenses or Answers to which it may be entitled, or which may be developed during discovery, including additional unique affirmative defenses applicable to different putative class members of Plaintiff's proposed classes. Defendant reserves the right to assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

DATED this day of Thursday, October 15, 2020.

The Law Office of Edward A. Maldonado, PA

By: _/s/ Edward A. Maldonado_
    Edward A. Maldonado, Esq.
    FBN # 0129781
    2850 Douglas Road, Suite 303
    Coral Gables, FL 33134
    Telephone:305-477-7580
    e-mail:eam@maldonado-group.com

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 15, 2020, I electronically filed the foregoing ANSWER AND

AFFIRMATIVE DEFENSES via the Court's CM/ECF system, which will electronically serve all

parties and counsel of record.


By: <u>*/s/ Edward A. Maldonado*</u>
Edward A. Maldonado, Esq.
FBN # 0129781

The Law Office of Edward A. Maldonado, PA
2850 Douglas Road, Suite 303
Coral Gables, FL 33134
Telephone:305-477-7580 ex 214
e-mail:eam@maldonado-group.com